UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-165 |
| JEFFREY PAUL VAPPIE, II<br>LATOYA CANTRELL | SECTION: D (5) |

### AMENDED SCHEDULING ORDER

As discussed during the telephone status conference held on September 17, 2025,[1] the Court hereby sets the following deadlines:[2]

### OTHER DATES

The superseding indictment in the instant matter alleges that, beginning at a time unknown, but no later than in or about October 2021, and continuing until on or about June 29, 2024, the defendants engaged in a conspiracy to defraud and obtain money and property from the City of New Orleans and the New Orleans Police Department ("NOPD").[3] The United States alleges that, beginning no later than in or around October 2021, defendants carried on a personal and intimate relationship, which they attempted to disguise by making their interactions with each other appear to relate to Jeffrey Paul Vappie's duties and responsibilities as a member of an Executive Protection Unit ("EPU") assigned to provide personal protection for Latoya

---

[1] R. Doc. 54. This conference was set at the joint request of the parties to discuss the January 20, 2026 trial date (R. Doc. 32) in light of the superseding indictment filed on August 15, 2025 (R. Doc. 34).

[2] Trial is set for October 19, 2026. *See* R. Doc. 58. The parties agree that if the trial date changes, remaining dates and deadlines reflected in this order will automatically adjust so that the number of days prior to trial for each deadline will remain the same. Deadlines that occur on a weekend or Court holiday extend to the next business day. *See* Fed. R. Crim P. 45(1).

[3] R. Doc. 34 at p. 13.

Cantrell as the mayor of New Orleans.[4] The United States alleges that Vappie submitted and caused others to submit on his behalf timecards to NOPD for periods he falsely claimed to have worked on duty, when he was actually engaged in personal activities unrelated to his work duties.[5] In furtherance of that scheme, the Government identified a series of dates on which Vappie allegedly claimed to have worked, and received payment for working.[6] The United States also asserts that the defendants submitted and caused to be submitted false timecards to NOPD and false travel expense forms to the City of New Orleans for Vappie for a series of dates, receiving benefits and money to which they were not entitled.[7]

Should the United States seek to introduce into evidence other dates on which Vappie allegedly claimed to have worked fraudulently or on which defendants submitted false timecards or travel expense forms or received payment from NOPD or the City of New Orleans, it shall identify those dates to the defense no later than ninety (90) days prior to trial.

## DISCOVERY

Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Criminal Rule 12.

All discovery/reciprocal discovery obligations should be completed no later than forty-five (45) prior to trial. All motions to compel a discovery or reciprocal discovery obligation must be filed no later than thirty (30) days prior to trial.

---

[4] *Id.* at p. 14.
[5] *Id.*
[6] *Id.* at pp. 16–25.
[7] *Id.* at pp. 25–29.

The parties acknowledge their ongoing duty to disclose any additional material or information that falls within the scope of Rule 16 and that comes into the possession of either party after the above-referenced deadline and agrees to turn over such material in a timely fashion.

## **EXPERT WITNESSES**[8]

### United States

In accordance with the provisions of Rule 16(a)(1)(G), the United States will designate experts it may call and provide the required Rule 16 disclosures no later than ninety (90) days prior to trial, unless the expert is acquired in response to notice that the defense will utilize expert testimony at trial in which case the United States will have until thirty (30) days prior to trial to produce same.

### Defense

In accordance with the provisions of Rule 16(b)(1)(C), the defense will designate experts it may call and provide the required Rule 16 disclosures no later than sixty (60) days prior to trial, unless the expert is acquired in response to notice that the United States will utilize expert testimony at trial in which case the defense will have until thirty (30) days prior to trial to produce same.

## **DISPOSITIVE MOTIONS**

All defense dispositive motions shall be filed no later ninety (90) days before trial. Responses to any such motions shall be filed no later than seventy (70) days before trial and replies filed seven (7) days following any responses. These deadlines

---

[8] Nothing in this Amended Scheduling Order is intended to expand, lessen, or otherwise contradict the expert disclosure contents required by Fed. R. Crim. P. 16.

apply regardless of any Notice of Hearing/submission date issued by the Clerk's Office upon the filing of the motion.

## MOTIONS IN LIMINE

All motions in limine shall be filed no later than forty-five (45) days prior to trial. Any opposition to a party's motion in limine shall be filed seven (7) days following the filing. There will be no replies to motions in limine and the motions shall be deemed submitted when any opposition is filed. These deadlines apply regardless of any Notice of Hearing/submission date issued by the Clerk's Office upon the filing of the motion.

## AFFIRMATIVE DEFENSES

Affirmative defenses will be asserted in accordance with law, including without limitation, Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, if applicable. The parties have agreed that the defendant shall notify the Government of any affirmative defenses governed by Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure that the defendant intends to assert no later than seventy-five (75) days prior to trial. Objections to any assertions of those affirmative defense shall be filed no later than sixty (60) days prior to trial.[9]

## NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES

All notices required under Federal Rule of Evidence 404(b) shall be filed no later than sixty (60) days prior to trial.

---

[9] The Court recognizes that Vappie previously advised that he is not raising an advice of counsel defense in this case and offered to stipulate to same. *See* R. Doc. 25 at p.3, n.3.

## **STIPULATIONS**

The United States will submit proposed stipulations relating to the authenticity of its evidence no later than sixty (60) days prior to trial. The stipulations will encompass the authenticity and reliability of e-mails, text messages, recordings and business/public records. The defense will review the proposed stipulations and propose any changes on or before forty (40) days prior to trial, with agreement on the final stipulations to be completed no later than twenty-one (21) days prior to trial. The United States will likewise act accordingly with any stipulations proposed by the defense.

## **BRADY MATERIAL**

The United States is aware of its obligation to produce exculpatory and other impeachment material under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and will scrupulously discharge this obligation. Materials discoverable under *Brady*, to the extent they exist, will be provided promptly upon discovery and in sufficient time to permit the defendant to make effective use of them at trial. However, materials or information which might constitute evidence discoverable under *Brady* and producible under the Jencks Act, will be produced with the Jencks and *Giglio* materials fourteen (14) days prior to trial as outlined below. The United States will act in good faith and turn over any such materials immediately if their exculpatory content is recognized earlier in trial preparation.

## JENCKS ACT AND *GIGLIO* MATERIALS

Materials to which the defendant and the United States are entitled to under the Jencks Act (18 U.S.C. § 3500) and *Giglio v. United States*, 405 U.S. 150 (1972), will be provided by close of business, no later than fourteen (14) days prior to trial.[10]

## PRELIMINARY EXHIBIT LISTS

The Government's proposed exhibits and exhibit list shall be provided to the defense twenty-one (21) days before the pretrial conference. The defense shall provide its proposed exhibits and exhibit list to the Government seven (7) days after receipt of the Government's materials.[11] Counsel are directed to certify that they have made a good faith effort to list all exhibits they intend to or may introduce. Exhibits shall not be excluded from evidence on the ground that they were not disclosed in these exchanges. The parties shall be under a continuing duty to promptly update their exhibit lists disclosures in good faith.

## PRELIMINARY OBJECTIONS – EXHIBITS

Objections to proposed exhibits will be filed no later than seven (7) days prior to the pretrial conference with responses to the objections filed at least three (3) days prior to the pretrial conference.

---

[10] This Amended Scheduling Order shall not alter or expand either party's rights or obligations under Fed. R. Crim. P. 26.2 or 18 U.S.C. § 3500.

[11] The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of Federal Rule of Criminal Procedure 49.1. Any objection that an exhibit should be redacted must be raised prior to trial.

## CHARTS AND SUMMARIES

Drafts of any charts and summaries used to aid the jury during the presentation of evidence will be disclosed by the parties no later than fourteen (14) days before trial. Objections to said drafts shall be filed no later than seven (7) days later. The parties agree to timely notify each other of any updates to charts and summary materials. Final versions of any such charts and summaries used to aid the jury will be disclosed by the parties at trial.

Drafts of any charts and summaries to be used in *voir dire* or opening statements will be disclosed by the parties no later than 12:00 p.m. on the Thursday before trial. Objections to said drafts shall be filed no later than 12:00 p.m. the following day.

## WITNESS LISTS

Subject to further discussions with the Court concerning the manner of disclosure, proposed Witness lists will be filed seven (7) days prior to the pretrial conference. Counsel are directed to certify that they have made a good faith effort to list all witnesses they intend or may call. The parties shall be under a continuing duty to immediately update their witness lists in good faith.

## RULE 17(C) SUBPOENAS

The parties shall disclose their intention to seek subpoenas pursuant to Fed. R. Crim. P. 17(c) and state the intended scope and content of said subpoenas on or before sixty (60) days prior to the trial date. The parties shall not file any such motion seeking leave to issue Rule 17(c) subpoenas sooner than fifty-three (53) days before

trial, the intention being to allow the opposing party an effective opportunity to respond if desired. The parties reserve the right to object to Rule 17(c) subpoenas for any reasons provided by law. Such objections shall be filed prior to the return date.

The parties agree that the records can be returned to the subpoena requester. The recipient of subpoenaed records agrees to furnish a copy of the records to the other parties in the case as soon as they are received. For good cause demonstrated to the Court, Rule 17(c) subpoenas can be requested at a later date.

A copy of all Rule 17 document subpoenas will be provided to each party. The document or record return shall be provided to the Court with a copy of the returned materials provided to all parties.

## JURY QUESTIONNAIRE

Recognizing that jury questionnaires, if allowed, must be prepared, mailed, received, completed, and returned to the Court well before the trial in this matter, in the event that one or both of the parties to this matter seeks to request the use of a jury questionnaire to aid in the jury selection process, the party should submit the request as a motion with a copy of the proposed questions to be filed no later than ninety (90) days prior to the trial in this matter. The parties should not be dilatory in this regard.

## JURY INSTRUCTIONS AND VOIR DIRE

The parties shall file proposed jury charges and proposed voir dire to the Court no later than thirty (30) days before the trial.

## **ORDER OF TRIAL**

The matter is currently set for trial on October 19, 2026. The United States and the Defendants agree to provide good faith prior day notice of expected witnesses to be called in their respective cases-in-chief.

## **OTHER MATTERS**

All witnesses called to testify will be subject to the control of counsel who caused them to be served with a subpoena or secured their voluntary presence. Accordingly, upon the completion of the testimony of a witness, it shall not be necessary to inquire of the Court whether that witness may be excused. Counsel may or may not excuse the witness depending upon counsel's wishes. If opposing counsel wish to have any witness available for recall later, it shall be the responsibility of that counsel to make that announcement at the time the witness steps down, and the Court will then direct the witness to remain at the courthouse for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his per diem. As to witnesses subpoenaed, but not called upon to testify, the opposing party will have an opportunity to subpoena them before they are released.

## **SEQUESTRATION OF WITNESSES**

Once the trial begins, the parties agree that all witnesses will be under an order of sequestration. The parties acknowledge responsibility for enforcing the order of sequestration. Prior to trial, the parties will designate persons who are exempt per Rule 615 of the Federal Rules of Evidence.

**MODIFICATION OF DEADLINES**

Deadlines may be modified by the Court on its own or upon a showing of good cause by a party.

**IT IS HEREBY ORDERED** that all parties adhere to the guidelines/deadlines established by this order.

New Orleans, Louisiana, October 15, 2025.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**